Philip H. EDDINGS, etc., Plaintiff,

v.

VOLKSWAGENWERK, A.G., etc., et al., Defendants.

Charles WUEST, Plaintiff,

v.

VOLKSWAGEN OF AMERICA, INC., et al., Defendants.

Nos. PCA 83–4127 WEA, 84–4476 WEA.

United States District Court,
N.D. Florida,
Pensacola Division.

Jan. 9, 1986.

Harry E. Barr, Fort Walton Beach, Fla., Kevin A. Malone, Jon E. Krupnick, Lisa A. McNelis, Fort Lauderdale, Fla., for Eddings.

J. Richard Caldwell, Robert W. Genzman, James A. Edwards, Ronald E. Cabaniss, J. Richard Caldwell, Jr., Sharon Lee Stedman, Orlando, Fla., for defendants.

William D. Marsh, Karen O. Emmanuel, Pensacola, Fla., for Wuest.

## MEMORANDUM DECISION

ARNOW, Senior District Judge.

In each of these cases the defendants filed a motion for summary judgment. Argument on such motions has been held, and they are now ripe for decision.

In neither case is there any genuine dispute respecting any material facts.

In each of the cases the action was begun more than twelve (12) years after the date of the delivery of the Volkswagen automobile involved in that suit to the original purchaser.

Section 95.031(2), *Florida Statutes*, reads as follows:

Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.

In *Battilla v. Allis-Chalmers*, 392 So.2d 874 (Fla.1980), the Supreme Court of Florida held the statute deprived access to the courts in violation of Article I, Section 21 of the Florida Constitution. After these two suits were instituted the Supreme Court of Florida, in *Pullum v. Cincinnati, et al.*, 476 So.2d 657 (Fla.1985), receded from the *Battilla* decision, and held that Section 95.031(2) is not unconstitutionally violative of Article I, Section 2 of the Florida Constitution.

Defendants contend *Pullum* must be given retroactive application, and that, under it, these actions are barred by § 95.031(2), *Florida Statutes*.

The parties have cited cases holding both ways. Judge Blanchard, in *Cassady v. Firestone*, Case No. 83–1934, Circuit Court of Escambia County, Florida, and Judge Rutter, in *Carroll v. Volkswagen*, Case No. 85–4818—Ca(L)K, Circuit Court, Palm Beach County, held that *Pullum* had retroactive application. Judge Price, in *Felder v. Heim*, Case No. 85–5487, Circuit Court, Broward County, Florida, and Chief Judge Stafford, in *Thorsby v. Williams-White*, TCA 84–7230 WS, U.S. District Court, Northern District of Florida, held that *Pullum* should not be applied retroactively.

This is a diversity case; the court is bound to follow Florida substantive law. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As pointed out in *Woods v. Holy Cross*, 591 F.2d 1164 (5th Cir.1979), a federal diversity court applies the statute of limitations of the forum state.

From *Florida v. Strickland*, 154 Fla. 472, 18 So.2d 251 (1944):

Ordinarily, a decision of a court of last resort overruling a former decision is retrospective as well as prospective in its operation, unless specifically declared by the opinion to have a prospective effect only. 14 Am.Jur. p. 345, Sec. 130; 21 C.J.S., Courts, p. 326, § 194. Generally speaking, therefore, a judicial construction of a statute will ordinarily be deemed to relate back to the enactment of the statute, much as though the overruling decision had been originally embodied therein. To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation. See 14 Am.Jur. p. 345, Sec. 130; 21 C.J.S., Courts, p. 329, § 194, subsec. b.

*See also, Department v. Anderson,* 389 So.2d 1034 (Fla. 1st DCA 1980), *Aronson v. Congregation,* 123 So.2d 408 (Fla. 3rd DCA 1960).

Under these Florida decisions, as neither the *Pullum* decision nor a subsequent decision declared the decision to be prospective only, it should be regarded as being retrospective as well as prospective, unless property or contract rights acquired under and in accordance with the *Battilla* holding would be destroyed by giving *Pullum* retrospective operation.

■ Plaintiff in *Eddings* contends that plaintiff has expended "tens of thousands of dollars" in work up and preparation of the case based upon the *Battilla* holding that the twelve year statute of repose was unconstitutional.

Obviously, plaintiff has spent money in work up and preparation of the case. But that does not give plaintiff a property right any more than defendants' expenditure of monies in defense have given them a property right. Plaintiff has not received money or property, or goods or services, or any other thing of value, in reliance on the *Battilla* decision.

Plaintiff brought a law suit. As with any law suit, he might or might not prevail. Absent the *Pullum* decision, there would have been no property right created in him to money spent in litigation he may have lost. The *Pullum* decision could not and does not alter that fact.

■ There is not presented here a situation like that presented in *International v. Lockwood,* 421 So.2d 1119 (Fla. 4th DCA 1982). In that case, pursuant to a statute, the circuit court clerk invested money deposited by litigants and retained the interest. Thereafter the statute was declared unconstitutional. As the clerk had acquired property rights, the unconstitutionality of the statute was prospective only, insofar as he was concerned.

In *Strickland, supra,* the court held that claimant had a valuable potential property or contract right to compensation under the Workmans Compensation Act, and that he could not be deprived of that right by giving to a subsequent overruling decision retrospective operation. The court expressly limited the decision to prospective operation only. In the cases before this court, there is no statutorily created potential property or contract right to compensation that these plaintiffs would be deprived of under a retrospective operation of the *Pullum* decision nor has the decision been limited to prospective operation.

*Pullum,* receding from *Battilla,* held the statute was not unconstitutional. No cause of action was created by the statute and *Battilla* vested in plaintiffs no cause of action. It removed the bar of the statute to plaintiffs' assertion of a cause of action. But plaintiffs had, at most, a mere expectation that they had a cause of action they could pursue, and a subsequent decision, holding the statute to be constitutional, could not and does not deprive them of any vested rights.

Plaintiff, in *Eddings,* citing *Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and pointing out that

Chief Judge Stafford did so in *Thorsby*, referred to herein, contends this court must deal with and apply the factors in *Huson*.

Were it to do so, it would probably reach a different conclusion than did Chief Judge Stafford on the facts of the case before him. Unlike that case, in these cases the defendants have not continued to make repairs after sale on the automobile involved here. To the contrary, this is a situation where a manufacturer has placed a product into the stream of commerce to be passed from owner to owner with no control by the manufacturer. To this court there would appear to be no inequity of retroactive application so that the third factor presented in *Huson* is not satisfied. As defendants point out, they also have been subjected to expense in this, and other suits, under the *Battilla* holding.[1]

Beyond this, however, *Huson* dealt with a federal statute, and applied federal law. As the footnote on page, 103, 92 S.Ct. on page 353, 30 L.Ed.2d on page 303 of the decision points out, it was not functioning in a diversity case. In the diversity cases before this court, unlike *Huson*, the court must follow Florida law in dealing with the statute before it. Under Florida law, and the factual situation presented in these cases, *Pullum* must be given retroactive effect unless there are property or contract rights acquired under and in accordance with *Battilla* that would be destroyed by giving *Pullum* retrospective operation. As pointed out, there are no such property or contract rights here involved.

Plaintiff, in *Wuest*, cites *Aronson, supra*. In that case the court in an earlier ruling held the appeal period for the order in question was under Florida appellate rules 30 days rather than 60 days, which had previously been allowed based upon the previous construction of the rules.

The court cited *Strickland*, and two other cases [2], to the effect that, while a decision overruling a former construction of a statute or rule ordinarily is retroactive as well as prospective, it will not be so if the court which renders the decision limits it to a prospective effect. It limited its decision establishing a 30 day appeal period to prospective application only.

Neither in *Pullum* nor in a subsequent decision has the Supreme Court of Florida held *Pullum* would have prospective application only.

█ In *Wuest*, plaintiff cites *Diamond v. E.R. Squibb*, 397 So.2d 671 (Fla.1981). In that case injury had occurred but the cause of action could not be pursued because the injurious consequences did not manifest themselves until years later. The court held that § 95.031(2), as applied in that case, violated the Florida Constitution's guaranty of access to the courts. As the footnote in *Pullum* points out, the factual context in *Diamond* is entirely different from that existing in *Pullum* or *Battilla* —and it is from the factual context existing in this case.

Plaintiff cites also *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla. 1979). *Battilla* had relied on it in reaching the conclusion § 95.031 denied access to the courts. In receding from *Battilla*, *Pullum* pointed out that, because the normal useful life of buildings is obviously greater than most manufactured products, there is a distinction in the categories of liability exposure between those sought to be limited by § 95.11(3)(c) struck down in *Overland*, and those listed in § 95.031(2).

In view of *Pullum*, neither *Diamond* nor *Overland* provide any basis for holding the twelve year statute of repose is not a bar to plaintiff's suit.

In *FEC v. Rouse*, 194 So.2d 260 (Fla. 1966), after final judgment for plaintiff, and while the appeal was pending, the Supreme Court declared Florida's railroad comparative negligence statute unconstitutional. The court held that, on appeal, it

---

1. If equity is to be considered, on balance defendants are favored. Plaintiff brought suit and defendants have been required to spend time and money in defense of the litigation.

2. The other two cases cited, like *Strickland*, held the court's previous *Tigertale Quarries* case should be given a prospective rather than a retrospective application.

must apply the law as it then existed, and not as it existed at trial, and directed the remand of the case for a new trial. Apparently no consideration was given to time and expense incurred in proceedings through trial.

Under the thrust of that decision, no consideration should be given by this court to time and money spent in the preparation and the trial to date of these cases.

Plaintiff in *Eddings* contends there was a duty to warn of a defect in the automobile. Under the statute, any product liability cause of action is extinguished at the end of the twelve (12) year period. Since there is no cause of action at the end of that period, there can be no duty to warn of a defect.

Summary final judgment will be entered in each of these cases granting the defendants' motion for summary judgment, and dismissing the case with prejudice and at plaintiff's cost.