**Dana LAMB, a minor, By and Through his mother and next friend, Jeanne F. DONALDSON, and Jeanne F. Donaldson, individually, Plaintiffs,**

v.

**VOLKSWAGENWERK AKTIENGESELLSCHAFT, a German corporation, and Volkswagen of America, Inc., a New Jersey corporation, Defendants.**

No. 82–1692–CIV.

United States District Court,
S.D. Florida.

March 25, 1986.

See also, 104 F.R.D. 95.

Arno Kutner, Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, Fla., Charles R. Stack, High, Stack, Lazenby, Bender, Palahach & Lacasa, Coral Gables, Fla., for plaintiffs.

Peter Wechsler, Myron Shapiro, Wendy Lumish, Rumberger, Wechsler & Kirk, Miami, Fla., for defendants.

## FINAL ORDER OF SUMMARY JUDGMENT

MARCUS, District Judge.

THIS CAUSE has come before the Court on a Motion for Summary Judgment filed by the Defendants, Volkswagenwerk Aktiengesellschaft and Volkswagen of America, Inc. This is a products liability action arising out of grievous injuries sustained by a passenger in a vehicle manufactured by the Defendants. Volkswagen has averred that it is exonerated from all liability based upon the tolling of the Florida products liability statute of repose, Florida Statute Section 95.031(2). The statute unambiguously provides for the termination of manufacturer liability twelve years after the date of the product's delivery to its first purchaser. The somewhat irregular history of the statute as well as the renewed judicial approbation of the statute by the Florida Supreme Court in *Pullum v. Cincinnati, Inc.*, 476 So.2d 657 (Fla.1985), have created a question regarding retroactive application of the twelve year period to the instant action. The precise issue before this Court concerns the viability of Plaintiff's claims against the Defendant manufacturers in light of the twelve year period of liability.

It is axiomatic that summary judgment is appropriate when no material facts are in dispute and it is clear that a party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. After careful review of the extensive pleadings, motions, affidavits and memoranda of law filed by the parties, and based upon extensive oral argument, this Court has determined that the statute of repose precludes Plaintiffs' claims against the Defendants, Volkswagenwerk Aktiengesellschaft and Volkswagen of America. Volkswagen has met "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). Plaintiffs' memorandum of law in opposition to Volkswagen's Motion for Summary Judgment fails to create any genuine issue of material fact regarding the chronology upon which Defendants' Motion for Summary Judgment is based. Because Plaintiff has not controverted any of the salient factual aspects of the lapse of the statutory period, it is clear to this Court that Defendants are entitled to judgment as a matter of law.

The parties are in essential agreement as to the scenario that forms the basis for this products liability action. On November 21, 1979, the seventeen-year-old Plaintiff, Dana Lamb, was a passenger in a 1967 Volkswagen Karmann Ghia automobile manufactured by the Defendants. The vehicle was operated by a driver, Kurt Hammerschmidt, who is not a party to this action. For reasons not explained by the record before this Court, the Karmann Ghia left the road and overturned.[1] The front windshield disintegrated and Plaintiff was ejected from the car. As a consequence of his injuries, Plaintiff was rendered a permanent quadraplegic. Plaintiff commenced this action on August 10, 1982. The gravamen of Plaintiff's claims against Defendants concerns the design of the Karmann Ghia; Plaintiff claims that the vehicle's rollover propensity and easily-fractured windshield constituted a defect which caused his casualty. Defendants have raised the affirmative defenses of assumption of the risk, contributory negligence, product misuse and the tolling of the statute of repose. Since Defendants' Motion for Summary Judgment is based only upon the last point that this action is time barred, the dispositive inquiry for this Court is whether the Florida statute of repose has abrogated the viability of Plaintiff's action.

The exhibits presented by the Defendants in their Motion for Summary Judgment include a police report of the accident of November 21, 1979, as well as the certificate of title for the subject Karmann Ghia which indicates an issuance date of November 13, 1967. Plaintiff does not challenge these dates. Under this chronology, the

---

**1.** The accident occurred in Brevard County, Florida.

critical period of liability for Volkswagen would run from November 13, 1967 until November 13, 1979. Measured by this meter it is apparent that Plaintiff's claim is outside the statutory boundary since the car was delivered to its original purchaser more than twelve years prior to the initiation of this action.

In analyzing the issue of whether *Pullum* is to be afforded retroactive application, this Court must be guided by state law as interpreted by the state's highest court. *Bailey v. Southern Pacific Transport Co.*, 613 F.2d 1385, 1388 (5th Cir.), *cert. denied*, 449 U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980). Jurisdiction in the instant case is founded on diversity; no federal question is involved. Accordingly we are bound to apply Florida substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As Justice Frankfurter observed in *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), "... in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." This basic precept commands us to follow the most recent pronouncement of the Florida Supreme Court regarding the statute of repose.

■ The statute of repose under examination here, Florida Statute Section 95.031(2), sets forth the time limits for commencing products liability actions and provides in pertinent part:

> Actions for products liability ... must be begun within the period prescribed in this chapter ... but in any event within twelve years after the date of delivery of the completed products to its original purchaser ... regardless of the date defect in the product ... was or should have been discovered.

This statute is one of repose as contrasted with a statute of limitations. While in the most general sense statutes of repose and statutes of time limitation are similar in that they prescribe the periods within which actions may be brought, we think there are critical analytical distinctions between the two and we do not use the terms interchangeably here. A statute of repose terminates the right to bring an action after the lapse of a specified period. The right to bring the action is foreclosed when the event giving rise to the cause of action does not transpire within this interval. A statute of limitations delineates the time a party has to initiate an action once the injury has occurred; it does not begin to run until the wrong has been or should have been discovered. Simply stated, a statute of repose is triggered once the product is delivered to its first purchaser. If an injury results from the product after the authorized period has elapsed the victim is without recourse to the manufacturer of the product. A statute of repose "... does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising." *Rosenberg v. Tower of North Bergen*, 61 N.J. 190, 293 A.2d 662, 667 (1972). Thus under the Florida statute of repose an injury caused by a product which has reached its original purchaser more than twelve years prior forms no basis for recovery because the statute prevents the accrual of a right of action. "The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria* —a wrong for which the law affords no redress." *Id.* The effect of the statute of repose may be to bar the cause of action before it has accrued.

■ These product liability statutes of repose are designed and intended to encourage diligence in the prosecution of claims, eliminate the potential of abuse from a stale claim, and ultimately foster certainty and finality in liability. But because statutes of repose have the harsh effect of foreclosing the invocation of a remedy, they have been subjected to constitutional challenges in at least twenty-nine

jurisdictions.[2] The Florida statute of repose has been attacked on equal protection, due process, and access to the courts theories. A study of the Florida caselaw is necessary to understand the context of the instant litigation.

In *Battilla v. Allis Chalmers Mfg. Co.*, 392 So.2d 874 (Fla.1981), the Florida Supreme Court struck down Section 93.031(2) as a violation of Plaintiff's right of access to the courts embodied in the Florida Constitution.[3] The *Battilla* plaintiff had been injured by a machine which reached its original purchaser more than twelve years prior to the injury. In disapproving Section 93.031(2), the Supreme Court of Florida in a brief *per curiam* opinion relied on *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla.1979), where it held that a similar twelve-year statute of repose regarding architects and builders was similarly violative of a plaintiff's constitutional right of access to the courts.[4]

Most recently the Florida Supreme Court had occasion to revisit the product liability statute of repose, Section 95.031(2), reversed its prior ruling in *Battilla*, and held that the statute was not unconstitutional. In *Pullum v. Cincinnati, Inc., supra*, the Court affirmed the granting of summary judgment by the trial judge in favor of a defendant-manufacturer. The *Pullum* plaintiff was injured in April, 1977 while operating a Cincinnati press-brake machine delivered to its original purchaser in November, 1966. The plaintiff filed suit in 1980, more than twelve years from the delivery date. In upholding the summary judgment in favor of the defendant-manufacturer the Court reconsidered the validity of Section 95.031(2) and affirmed the legislature's determination that "twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product." *Pullum*, 476 So.2d at 659. The Court, citing Justice McDonald's dissent in *Battilla, supra*, perceived a rational and legitimate legislative basis for enacting this statute of repose "particularly in view of the relatively recent developments in expanding the liability of manufacturers." The Court observed that because the normal useful life of a building is obviously greater than most manufactured products, distinctions should be made between limiting liability exposure for buildings and for products. While it is apparent that *Pullum* . will now bar actions beyond the twelve year limit, the Florida Supreme Court did not explicitly articulate what effect *Pullum* would have on those actions pending prior to *Pullum*, such as the instant case.[5] Thus we must turn to Florida law in order to examine the question of *Pullum's* retroactive application.

The general rule under Florida law is that a decision of a court of last resort which overrules a former decision or establishes previously unrecognized claims for relief is retrospective as well as prospective in its operation unless specifically declared by the decision to have only a prospective effect. *Florida Forest & Park Service v. Strickland*, 154 Fla. 472, 18 So.2d 251 (1944); *Florida East Coast Railway Co. v. Rouse*, 194 So.2d 260 (Fla.1967); *Parkway General Hospital, Inc. v. Stern*, 400 So.2d 166 (Fla. 3d DCA 1981). "To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and *property or contract*

---

**2.** *See* McGovern, The Variety, Policy and Constitutionality of Product Liability Statutes of Repose, 30 Am.U.L.Rev. 579 (1981) for an excellent review of the caselaw.

**3.** Florida Constitution, Art. I, Section 21 reads: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

**4.** Florida Statutes Section 95.11(3)(c) covers actions "founded on the design, planning, or construction of an improvement to real property" and terminates liability after twelve years.

**5.** Although the Florida Supreme Court has denied the petition for rehearing filed in the *Pullum* case, this denial is not dispositive of the question of retroactivity. A denial of a petition for rehearing signifies only that the reviewing court deems its judgment without errors or points meriting further clarification. See 3 Fla. Jur.2d Sections 244–274; *State Road Dept. v. Brenner*, 208 So.2d 279 (Fla. 2d DCA 1967).

*rights* have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation." (emphasis added). *Florida Forest,* 18 So.2d at 253. In *Florida Forest,* the appeals process for a worker's compensation claim was under scrutiny since an intervening decision by the Florida Supreme Court had altered the process. The Court ruled that the revised procedures would operate prospectively only because the appeals of workmen's compensation claims were based upon the actual contract of employment. *Id.* at 254.

 While the instant Plaintiff correctly posits that a statute may not be retroactively applied to deprive a party of a vested right, such a situation simply does not exist here. "A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." *In re Will of Martell,* 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). "To be vested a right must be *more than a mere expectation based on an anticipation of the continuance of an existing law;* it must have become a title, legal or equitable, to the present or future enforcement of a demand." *Division of Workers' Compensation v. Brevda,* 420 So.2d 887, 891 (Fla. 1st DCA 1982) (emphasis added). The Plaintiff in the instant case had no vested contract or property right prior to the *Pullum* decision; instead Plaintiff was merely pursuing a common law tort theory to recover damages. Indeed the statute of repose and the lapse of the twelve year statutory period obviated the very possibility of Plaintiff sustaining any legal injury from the Volkswagen vehicle. It is axiomatic that common law rights may be restricted, indeed even abolished by the legislature if "grounded both in an overpowering public necessity and an absence of any less onerous alternative means." *Overland Construction Co. v. Sirmons,* 369 So.2d at 572. *See generally* 51 Am.Jur.2d Section 57 *et seq.* As we've noted, in *Pullum, supra,*

the Florida Supreme Court unequivocally announced that it perceived "a rational and legitimate basis" for limiting the liability of manufacturers to twelve years and approved the legislative wisdom in establishing such a limit. 476 So.2d at 660. Thus the abridgement of Plaintiff's common law action is supported by the criteria enumerated in *Overland, supra.* A plaintiff has no vested right in a tort claim. *Ducharme v. Merrill-National Laboratories,* 574 F.2d 1307 (5th Cir.) *cert. denied,* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978). Moreover under Florida law a litigant has no vested right to the benefit of a statute of limitations in effect when his cause of action accrues. *Bauld v. J.A. Jones Construction Co.,* 357 So.2d 401 (Fla.1978). The mere prospect that Plaintiff might recover damages from a defendant on a tort theory is clearly not tantamount to a vested right. Retroactive application of the statute of repose cannot deprive Plaintiff of a vested right because Plaintiff's claim never became vested.

The principle of retroactive construction governing resolution of the summary judgment motions before this Court also is explicated in *Christopher v. Mungen,* 61 Fla. 513, 55 So. 273, 280 (1911):

Where a statute is judicially adjudged to be unconstitutional, it will remain inoperative while the decision is maintained; but, if the decision is subsequently reversed, the statute will be held to be valid from the date it first became effective, even though rights acquired under particular adjudications where the statute was held to be invalid will not be affected by the subsequent decision that the statute is constitutional.

The import of this rule is that a law duly enacted by the legislature and later declared unconstitutional will remain dormant and inoperative but not dead. *State v. Lee,* 156 Fla. 291, 22 So.2d 804 (1945). If the law is resurrected by a later decision the law will be considered valid from its inception. *State v. White,* 194 So.2d 601 (Fla. 1967). Applying this standard, too, it is apparent that *Pullum, supra,* simply re-

stored the right of the instant Defendants to be excused from liability for their products after the passage of twelve years. Despite Plaintiff's good faith reliance upon *Battilla, supra,* and Plaintiff's diligence in proceeding with this action, Plaintiff did not receive by virtue of *Battilla,* an absolute assurance that the statute of repose would remain forever abrogated.

Plaintiff urges this Court to adhere to the test for retroactive application formulated by the United States Supreme Court in *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron* the High Court was confronted with the question of whether the Louisiana one-year statute of limitations on personal injury actions should be applied retroactively to an action pending prior to the Supreme Court's decision in *Rodrigue v. Aetna Casualty,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). *Rodrigue* made state law applicable to accidents occurring on the Outer Continental Shelf. The *Chevron Oil* Plaintiff had been injured in such an accident. Retroactive application of *Rodrigue* would have barred his claim. The Court listed three factors it would weigh in making a determination as to retroactivity: (1) whether the decision established a new principle of law; (2) whether retroactive application would further or retard the operation of the new law; (3) whether retroactive application would produce substantial inequitable results. 404 U.S. at 107, 92 S.Ct. at 355–56. After evaluating these considerations, the Court declined to apply *Rodrigue* retroactively, preserving for the plaintiff "his right to a day in court." *Id.*

Even assuming arguendo that the *Chevron Oil* test of nonretroactivity obtained in the instant action—and we think it does not—the three criteria enumerated therein are not satisfied by this Plaintiff. The *Chevron Oil* paradigm requires that all three prongs be met before nonretroactive application is mandated. When compared to the trilogy of *Chevron* prerequisites, it is manifest that Plaintiff's case does not warrant nonretroactive application of *Pullum.*

The first aspect of nonretroactivity listed in *Chevron Oil* demands that "the decision to be applied retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." 404 U.S. at 106, 92 S.Ct. at 355. (citations omitted). The Plaintiff can perhaps establish this element easiest of the three. Still the statute of repose under scrutiny here does not constitute a case of first impression. This statute was enacted in 1975, a full four years prior to the incident causing Plaintiff's injuries and seven years prior to the filing of this lawsuit. Thus it is at least arguable that Section 95.031(2) represents "a new principle of law." As to the overruling of "clear past precedent," the caselaw regarding the statute of repose cannot be considered altogether definitive. Indeed the ambivalence of the Florida Supreme Court toward the products liability statute of repose is reflected in the caselaw. The case upon which Plaintiff has relied in instituting the instant action, *Battilla v. Allis Chalmers Mfg. Co.,* 392 So.2d 874 (Fla.1980), was an extremely brief opinion with two members of the court joining in Justice McDonald's vehement dissent. *Overland Const. Co., Inc. v. Sirmons,* 369 So.2d 572 (Fla.1979), the case upon which *Battilla* was predicated, also had three justices dissenting. This lack of judicial consensus at least arguably suggested that the statute of repose had not been terminally quashed. The fact that the statute was not repealed by the Florida legislature subsequent to *Battilla* also undercuts the notion that *Pullum* categorically announced "a new principle of law." Although Plaintiff may have reasonably relied on *Battilla* in commencing this action, so long as the statute of repose existed within the statutes, there was always the potential for the statute to be reactivated. Surely Plaintiff had no guarantee that the caselaw would remain immutable. *Pullum* merely revived a previously enacted statute. Thus, in our view, Plaintiff has not categorically established even the initial element of the *Chevron Oil* test.

The second portion of *Chevron Oil* non-retroactivity—and in our view the largest hurdle Plaintiff faces under that test—requires the Court to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive operation will further or retard its operation." 404 U.S. at 106–107, 92 S.Ct. at 355. The enactment of the Florida statute of repose attests to the unmistakeable legislative intent to curtail the perpetual liability of manufacturers. The effective date of Section 95.031(2) was 1975. The statute was accompanied by a savings clause, Section 95.022, which extended by one year the deadline for instituting existing causes of action which otherwise would have been foreclosed by the new twelve year limitation. The inclusion of the savings clause is an indication of the legislative intent to retrospectively shorten the period of liability. *MacRae v. Cessna Aircraft Co.*, 457 So.2d 1093, 1095 (Fla. 1st DCA 1984).

"[T]he legislature's choice of twelve years as an ultimate cutoff point to prevent perpetual liability" was affirmed by the Florida Supreme Court in *Pullum.* 476 So.2d at 659. The entire purpose in cutting off the right of action after a specified time would be totally undermined by creating exceptions based on the date of filing a lawsuit rather than measured from the delivery of a product.

In this manner we think nonretroactive application of *Pullum* would seriously impede the function of this statute of repose. Consequently, Plaintiff does not qualify for nonretroactivity under the second factor in *Chevron Oil.*

The last facet of the *Chevron Oil* standard concerns a balancing of the equities involved for if retroactive application "could produce substantial inequitable results ... there is ample basis ... for avoiding the injustice or hardship by a holding of nonretroactivity." 404 U.S. at 107, 92 S.Ct. at 355. Abridging Plaintiff's redress for his injuries is a harsh corollary of the statute of repose and the *Pullum* decision.

However, the essential objective of the statute of repose, to alleviate the heavy burden eternal liability imposes on manufacturers, would be eroded were Plaintiff permitted to continue this action. The hardship argument on behalf of Plaintiff is not without merit, and this Court recognizes the substantial resources Plaintiff and his counsel have expended in pursuing this cause. However, even if this Court were to find that the equities favored Plaintiff—and we think that the equities cut in both directions—this consideration alone would not show entitlement to nonretroactive application of *Pullum* in view of the total test of *Chevron Oil.*

More significantly, however, the Supreme Court's pronouncement in *Chevron Oil* would not determine the result of this lawsuit even if Plaintiff had met its three-pronged standard. Defendant has aptly reminded this Court that *Chevron Oil* concerned the retroactive application of a federal decision involving federal law. The task of this Court in this diversity action is to reconcile this case with the current state of Florida law.

■ The stance of the Supreme Court on the validity of state statutes of repose may be of more significance in this case than the retroactivity test of *Chevron Oil.* Although Plaintiff has alleged that the Florida statute of repose violates federal due process rights, Plaintiff has failed to note that the Supreme Court has dismissed, for want of a federal question, several appeals of state court decisions upholding statutes of repose. *See Carter v. Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970) *appeal dismissed*, 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800 (1971); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870 (Tex.App.1981), *appeal dismissed*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982); *Woodward v. Burnham City Hospital*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (Ill.1979), *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980). Although these dismissals have limited precedential value at least some courts have equated the dismissal for lack of a federal question with a

decision on the merits. *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger,* 740 F.2d 1362, 1366 (6th Cir.1984); *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975); *Plante v. Gonzalez,* 575 F.2d 1119, 1125 (5th Cir. 1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979).[6] A number of state courts have construed the dismissal of statute of repose cases by the Supreme Court as an indication that the Court does not perceive any federal constitutional problems with these statutes. *See Shibuya v. Architects Hawaii Limited,* 65 Hawaii 26, 647 P.2d 276, 288 n. 15 (1982); *Harmon v. Angus R. Jessup Associates,* 619 S.W.2d 522, 524 (Tenn.1981). Whatever weight other courts may attach to these summary affirmances, it seems to us that if anything, they support our conclusion that Plaintiff's federal constitutional rights are not abridged by the revitalization of the Florida statute of repose.

Although Plaintiff cites two recent cases to bolster its opposition to Defendants' Motion for Summary Judgment, these cases are unpersuasive to this Court. The opinion of Chief Judge Stafford relied upon by Plaintiff in *Thorsby v. Williams-White,* Case No. 84–7230 (N.D.Fla.1985) (December 20, 1985) has been reversed by the opinion of January 30, 1986, where that court reconsidered the *Erie* question and concluded that the retroactivity test of *Chevron Oil, supra,* was inapplicable to the case at bar. The Broward Circuit Court case of *Felder v. Heim Corp.,* Case No. 85–5487 (December 23, 1985) is supportive of Plaintiff's position but does not compel us to concur in that opinion. *Felder* is clearly the minority view on the subject of *Pullum's* retroactive application and embodies an analysis on the question of retroactivity which we reject. We note that other federal courts in Florida which have faced this problem have reached the same decision on similar facts. *See Ed-*

*dings v. Volkswagenwerk,* 635 F.Supp. 45 (N.D.Fla.1986).

■ Because the current state of Florida law bars product liability claims arising more than twelve years after delivery to the first purchaser, and because the dates of delivery of the Volkswagen Karmann Ghia and the 1979 accident are not disputed, this Court reluctantly concludes that summary judgment must be granted in favor of Defendants Volkswagenwerk and Volkswagen. However harsh this result may be in light of Plaintiff's tragic accident and his uncompensated guardian, it is not the function of this Court to evaluate the wisdom of the Florida legislature in enacting the statute of repose and the prudence of the Florida Supreme Court in reasserting the validity of that statute. By not explicitly declaring *Pullum* to have prospective only effect, the Florida Supreme Court has decreed the demise of Plaintiffs' claims against Volkswagenwerk and Volkswagen. It remains only for this Court to properly dismiss these claims by granting summary judgment in favor of the Defendants. It is therefore,

ORDERED AND ADJUDGED that the Motion of Defendants Volkswagenwerk and Volkswagen for Summary Judgment is hereby GRANTED.

───────

**6.** For a more detailed analysis on the precedential value of the summary affirmance of state court decisions by the Supreme Court see cases collection in Annotation, 45 L.Ed.2d 791.