509 So.2d 1363 (1987)
Priscilla WILLIAMS, Appellant,
v.
AMERICAN LAUNDRY MACHINERY INDUSTRIES, A DIVISION OF McGRAW EDISON COMPANY, a Foreign Corporation, Appellee.
No. 86-2043.
District Court of Appeal of Florida, Second District.
July 22, 1987.
*1364 John W. Andrews, Tampa, for appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
Cathy Jackson Lerman, Fort Lauderdale, amicus curiae by The Academy of Florida Trial Lawyers, for appellant.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., Orlando, amicus curiae by Florida Defense Lawyers Ass'n, for appellee.
Edward T. O'Donnell of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, amicus curiae by The Product Liability Advisory Council, Inc. and Motor Vehicle Mfrs. Ass'n of The United States, Inc., for appellee.
THREADGILL, Judge.
The plaintiff appeals an adverse summary judgment entered in this personal injury products liability action. The plaintiff asserts that the court erred by applying section 95.031(2), Florida Statutes (1978)[1] and by retroactively applying Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), which overruled Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980). We affirm.
The relevant dates in this case are as follows: An allegedly defective laundry press was delivered by the defendant to the original purchaser in March, 1962.[2] The plaintiff was injured in November 1978. Her lawsuit was filed February 1979, almost seventeen years after the delivery date, and thus, not within the period prescribed by section 95.031(2).
Both the injury and the filing of the suit occurred before the Florida Supreme Court's decision in Battilla, decided December 11, 1980. In Battilla, the court held that, as applied to the facts in that case, "section 95.031 denied access to courts under article I, section 21, Florida Constitution," and was unconstitutional. 392 So.2d 874.
In August 1985, the Florida Supreme Court receded from Battilla and held in Pullum that section 95.031(2) did not violate article I, section 21 of the Florida Constitution and was thus not unconstitutional. In Pullum, application of section 95.031(2) was again held to bar products liability actions for personal injuries occurring more than twelve years after the product was delivered. Relying on Pullum, the trial court granted summary judgment in favor of the defendant.
Plaintiff argues that Pullum should not be given retroactive effect in the present case as the opinion in Pullum does not expressly state that it is to be applied retroactively. However, as pointed out by the defendant, the supreme court's holding in Pullum was itself retroactive as to Mr. Pullum. Therefore, it can hardly be argued that the supreme court intended that its decision be given prospective application only.
The precise issue in this case has been decided adversely to the plaintiff by this court and other district courts. We hold that Pullum is to be applied retroactively and that the plaintiff's cause of action was barred by section 95.031(2). See Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987); Small v. Niagara *1365 Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987); Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986); and American Liberty Insurance Co. v. West & Conyers, Architects & Engineers, 491 So.2d 573 (Fla. 2d DCA 1986).
Although this issue is not properly before us because it is raised for the first time on appeal, we note that this court has held that the amendment repealing the twelve-year statute of repose in section 95.031(2) is not to be applied retroactively. Small; Harrison v. Hyster Co., 502 So.2d 100 (Fla. 2d DCA 1987).
We have also considered the plaintiff's argument that the defendant had a continuing "post-sale" duty to warn of or to remedy defects. We hold that because the statute of repose extinguished any products liability cause of action after twelve years, there is no further duty to warn of a defect. See Eddings v. Volkswagenwerk, A.G., 635 F. Supp. 45 (N.D.Fla. 1986).
We, therefore, affirm the final summary judgment.
SCHEB[*], A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 95.031(2), Florida Statutes (1978) provided that "Actions for products liability ... must be begun ... within 12 years after the date of delivery of the completed product to its original purchaser... ."
[2] The statutory twelve-year repose provision was enacted in 1974. Ch. 74-382, § 3, Laws of Fla.
[*] Judge Scheb participated in the decision but did not participate in the oral argument.