PER CURIAM.
The summary judgment entered below is affirmed on the holding that plaintiffs-appellants’ “restitution” claim that the defendant asbestos manufacturer should be required to pay the costs of removing asbestos from the plaintiffs’ building[1] is barred by the then-applicable products liability statute of repose, section 95.031(2), Florida Statutes (1975) (repealed Ch. 86-272, § 2, at 2020, Laws of Fla.). See Eddings v. Volkswagenwerk, A.G., 635 F.Supp. 45 (N.D.Fla.1986), aff'd, 835 F.2d 1369 (11th Cir.1988), cert. denied, 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 (1988); Williams v. American Laundry Mach. Indus., 509 So.2d 1363 (Fla. 2d DCA 1987), review denied, 525 So.2d 881 (Fla.1988).
Affirmed.

. See Unified Sch. Dist. No. 500 v. United States Gypsum Co., 788 F.Supp. 1173 (D.Kan.1992); Cheshire Medical Ctr. v. W.R. Grace & Co., 764 F.Supp. 213 (D.N.H.1991), vacated in part, 767 F.Supp. 396 (D.N.H.1991). But see Florida Power & Light Co. v. Allis-Chalmers Corp., 752 F.Supp. 434 (S.D.Fla.1990).