# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3384
LT Case No. 2017-DR-1526

_____

JOHN R. SECRIST,

Appellant,

v.

ELIZABETH A. SECRIST,

Appellee.

_____

On appeal from the Circuit Court for Clay County.
Gary L. Wilkinson, Judge.

Brian P. North, of Kenny Leigh & Associates, Jacksonville, for
Appellant.

Rebecca Bowen Creed, of Creed & Gowdy, P.A., Jacksonville, for
Appellee.

September 22, 2025

PRATT, J.

John Secrist ("Husband") challenges the alimony award and
equitable distribution made in the final order dissolving his
marriage to Elizabeth Secrist ("Wife"). For the following reasons,
we reverse those portions of the final order and remand for further
proceedings.

# I.

In August 2017, Husband filed for dissolution of the parties' six-year marriage. The parties proceeded to trial in October 2022. Pertinent to this appeal, the trial court heard evidence regarding the parties' home and Husband's retirement account. Regarding the retirement account, Husband testified that he opened a Thrift Savings Plan ("TSP")[1] and contributed almost $9,000 before he and Wife married. The plan statement for the period ending immediately prior to the parties' marriage showed an ending balance of $9,022.36.

On June 30, 2023, the trial court held a status conference and orally pronounced its findings and rulings. The next day, amendments to section 61.08, Florida Statutes—the alimony statute—took effect. Those amendments limited durational alimony in a short-term marriage to 50 percent of the marriage's length; they also abolished permanent periodic alimony. *See* Ch. 23-315, §§ 1, 5, Laws of Fla. The court entered final, written judgment on September 15, 2023, in which it transcribed its oral findings and rulings.

The court awarded Wife six years of durational alimony under the alimony statute that had been in effect during the trial. It also held that the Florida home was a marital asset by interspousal gift. The court awarded Wife sole use and possession of the home until the durational alimony award terminated, and it required Husband to pay the mortgage.[2] Once the durational alimony ended, the home would be sold, and the parties would split the net proceeds equally. Finally, the court designated the TSP as wholly marital property. It then calculated the account balance at the date of filing and awarded half to Wife.

---

[1] This is a type of retirement plan available to federal employees and uniformed service members. *See* "About the Thrift Savings Plan (TSP)," Dec. 17, 2024, https://www.tsp.gov/about-the-thrift-savings-plan-tsp/.

[2] The mortgage payments were credited as part of Husband's alimony obligation.

Husband filed a motion for rehearing, arguing that the amended alimony statute applied to the case because the parties' divorce petition was still pending as of July 1, 2023, and the court therefore erred by awarding Wife durational alimony for six years—the same length as their marriage. He also challenged the equitable distribution, contending that he never made an interspousal gift of the Florida home, and the court should have excluded from the distribution scheme his premarital contributions to the TSP. The trial court denied the entirety of Husband's motion. Husband now appeals.

## II.

Husband contends that the trial court should have awarded Wife alimony under the amended statute because the petition was pending when the amendment took effect on July 1, 2023. The amended statute applies "to all initial petitions for dissolution of marriage . . . pending or filed on or after July 1, 2023." § 61.08(11), Fla. Stat. Husband argues that a petition is "pending" until a judgment becomes final as defined by Florida Rule of General Practice and Judicial Administration 2.430(a)(2). Under that rule, a judgment becomes final when: (1) a final order is entered as to all parties, no appeal is taken, and the time for appeal has expired; or (2) a final order is entered, an appeal is taken, the appeal is disposed of, and the time for further appellate proceedings has expired. Fla. R. Gen. Prac. & Jud. Admin. 2.430(a)(2). Wife, however, argues that a case is "pending" only when the court has not made a decision. In her view, as soon as the court makes its decision—even if the decision is oral and not yet reduced to a written final judgment—the petition is no longer pending.

Three of our sister courts already have confronted what definition to accord "pending." The Second District Court of Appeal adopted a definition almost identical to Husband's proposed definition in *Woodward v. Woodward*, 400 So. 3d 861, 863–64 (Fla. 2d DCA 2025), when it held that a petition remains pending until after final judgment is entered and the time for appeal expires or, if an appeal is taken, final appellate disposition is rendered. The First District Court of Appeal did not go so far but instead held that a petition is pending until the trial court renders final

judgment. *Stockdale v. Stockdale*, 409 So. 3d 163, 167 (Fla. 1st DCA 2025). The Fourth District agreed with the First, deciding that a case is no longer pending after entry of final judgment, even if the time for rehearing has not yet expired. *Alfonso v. Alfonso*, 50 Fla. L. Weekly D1043, D1044 (Fla. 4th DCA May 7, 2025). We adopt the First and Fourth Districts' approach and hold that a petition is pending under section 61.08 until the trial court renders final judgment on the petition.

The petition in this case was pending until the court entered final, written judgment on September 15, 2023. Because the petition was pending on July 1, 2023, even though the trial court had orally pronounced its findings and rulings the day before, the court should have applied the amended statute, which would have limited any durational alimony award to a maximum of three years. § 61.08(8)(b), Fla. Stat. (2023) (limiting an award of durational alimony to "50 percent of the length of a short-term marriage"); *id.* § 61.08(5) ("[T]here is a rebuttable presumption that a short-term marriage is a marriage having a duration of less than 10 years," and "[t]he length of a marriage is the period of time from the date of marriage until the date of filing of an action for dissolution of marriage.").

Wife contends that even if the petition was pending as of July 1, 2023, the trial court nonetheless properly applied the prior statute because the amendment is substantive and cannot apply retroactively to impair her vested right to alimony.[3] We consider *de novo* whether a statute can be applied retroactively. *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011).

Here, the alimony amendment is clearly substantive because it abolishes a party's right to permanent periodic alimony and modifies the right to durational alimony. *See id.* at 948 (a substantive law "creates, defines, and regulates rights"); *see also*

_____

[3] When we speak of alimony, we refer only to alimony awarded upon a divorce and not to alimony unconnected with dissolution or alimony pendente lite. *Compare* § 61.08, Fla. Stat. (alimony upon divorce), *with id.* § 61.09 (alimony unconnected with dissolution), *and id.* § 61.071 (alimony pendente lite).

4

*McMillian v. Dep't of Rev. ex rel. Searles*, 746 So. 2d 1234, 1237 (Fla. 1st DCA 1999) (holding that an amendment limiting a child's right to past parental support is substantive). "Substantive statutes are presumed to apply prospectively absent clear legislative intent to the contrary." *Bionetics*, 69 So. 3d at 948. The Legislature clearly indicated its intent for the alimony amendment to apply retroactively by mandating its application to petitions "pending or filed on or after July 1, 2023." § 61.08(11), Fla. Stat.

But "[e]ven when the Legislature does expressly state that a statute is to have retroactive application," courts have "refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995). "A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." *Clausell v. Hobart Corp.*, 515 So. 2d 1275, 1276 (Fla. 1987) (quoting *Lamb v. Volkswagenwerk Aktiengesellschaft*, 631 F. Supp. 1144 (S.D. Fla. 1986)). "To be vested a right must be *more than a mere expectation based on an anticipation of the continuance of an existing law*; it must have become a title, legal or equitable, to the present or future enforcement of a demand." *Id.*

We agree with the First District in *Stockdale* that "[t]he right to alimony becomes vested only when a final judgment is 'rendered for alimony . . . .'" 409 So. 3d at 169 (quoting *Montell v. Montell*, 46 So. 2d 715, 716 (Fla. 1950)). A spouse has no immediate right of present enjoyment or a fixed right of future enjoyment to alimony until the court dissolves the marriage. Here, the court dissolved Husband and Wife's marriage on September 15, 2023, when it entered final, written judgment. *See* § 61.052(4), Fla. Stat. (2023) ("A judgment of dissolution of marriage shall result in each spouse having the status of being single and unmarried."). Wife's right to alimony therefore vested on September 15—after the amendment took effect. Because she had no vested right before July 1, the Legislature's application of the alimony amendment to the parties' divorce petition is constitutionally permissible.

In sum, the trial court erred in awarding Wife six years of durational alimony under the prior statute when the divorce petition was still pending as of July 1, 2023. Accordingly, we

reverse the alimony award and remand for the trial court to reconsider any such award under the amended statute.

## III.

Husband also contests the trial court's equitable distribution of the Florida house, his TSP, and the couple's cash accounts. We affirm the trial court's distribution of the home and cash accounts without further discussion. But we reverse the trial court's equitable distribution of Husband's premarital TSP contributions.

In its equitable distribution, the trial court identified the entirety of Husband's TSP as a marital asset and split the accrued value equally between Husband and Wife. Husband contends that the trial court should have excluded from the equitable distribution his premarital contributions to the TSP. We agree.

"[T]his Court reviews a trial court's characterization of an asset as marital or nonmarital de novo." *Kincaid v. Kincaid*, 397 So. 3d 1169, 1174 (Fla. 5th DCA 2024). "[A]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs" are marital assets. *Julia v. Julia*, 263 So. 3d 795, 798 (Fla. 4th DCA 2019) (quoting § 61.075(6)(a)1.d., Fla. Stat. (2017)). But "[p]remarital contributions to retirement pensions are not to be included in the distribution of marital assets." *Id.* (quoting *Scott v. Scott*, 888 So. 2d 81, 83 (Fla. 1st DCA 2004)).

Husband's TSP is a retirement plan. His premarital contributions of $9,022.36 therefore should not have been included in the equitable distribution. We reverse the trial court's determination that the entire TSP is a marital asset. On remand, the court should credit the $9,022.36 portion to Husband before distributing the marital portion between the parties.

\* \* \*

In sum, we reverse the trial court's alimony award and its treatment in equitable distribution of Husband's TSP. On remand, the parties should be given an opportunity to present their alimony

arguments under the amended statute, the court must award any alimony under the amended statute, and the court must allocate to Husband the TSP's premarital contributions of $9,022.36. We otherwise affirm.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

MAKAR and BOATWRIGHT, JJ., concur.

––––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––––