ROTHENBERG, J.
Dr. Daniel Weingrad appeals an award of $1.5 million in noneconomic damages to Kimberly Ann Miles (“Miles”) and her husband, Jody Haynes (collectively, “Appel-lees”). The sole issue before this Court is whether the retroactive[1] application of section 766.118, Florida Statutes (2003), which capped noneconomic damages in certain medical malpractice actions at $500,000, is constitutionally permissible as applied to the facts of this case. Because we find that Appellees had no vested right to a specific damage award at the time the injury occurred, we conclude that applying the cap to Appellees’ noneconomic damage award is constitutional, and we reverse and remand for proceedings consistent with this opinion.

Background-

In December 2002, Miles was diagnosed with melanoma and had a tumor removed in an outpatient procedure. She believed that no melanoma remained but sought a second opinion from Dr. Weingrad, who told Miles she had residual melanoma in her leg that needed immediate attention. Miles underwent surgery in January 2003. Test results later showed the first procedure had removed all of the melanoma.
In early 2003, Miles developed a serious infection from the second surgery, which she contends was unnecessary. She has permanent swelling and pain and limited mobility in her leg. She has difficulty walking up stairs at Florida International University, where she teaches English, and can no longer go biking, dancing, hiking or walking with her husband. On September 9, 2005, Appellees served a Notice of Intent to Initiate Medical Malpractice Litigation, and on January 4, 2006, they sued Dr. Weingrad for negligence in performing the operation and for his follow-up care.
On September 15, 2003, nearly two years prior to Appellees’ service of their Notice of Intent, the legislation capping noneconomic damages in medical malpractice actions went into effect. The statute’s enabling clause, included as a footnote to section 766.118, states:
It is the intent of the Legislature to apply the provisions of this act to prior medical incidents, to the extent such application is not prohibited by the State Constitution or Federal Constitution, except that the changes to chapter 766, Florida Statutes, shall apply only to any medical incident for which a notice of intent to initiate litigation is mailed on or after the effective date of this act.
The legislation was one of many reforms dating from 1975 whereby the Legislature attempted to alleviate an identified crisis in the medical malpractice insurance market. The 2003 tort reform followed extensive research by the Governor’s Select Task Force on Healthcare Professional Liability Insurance, which found “an overwhelming public necessity” for the reform measures. (Report of the Task Force at 217-18).[2] The task force concluded that limitless noneconomic damage awards were “a key factor (perhaps the most important factor) behind the unavailability and un-affordability of medical malpractice insurance in Florida.” Id. at 220. The *409 task force further found that “no legislative reform plan can be successful in achieving the goal of controlling increases in healthcare costs” without including a cap on noneconomic damage award amounts. Id. at 221.
In the present action, a jury found in favor of Appellees and awarded them $1.5 million in noneconomic damages: $1,450,000 for Miles’ pain and suffering and $50,000 for her husband’s consortium claims. Dr. Weingrad moved to limit the judgment pursuant to the statutory cap. The trial court denied the motion, holding that because the causes of action accrued prior to the statute’s enactment, applying it to the Appellees’ action would amount to an unconstitutionally retroactive application. This appeal followed.

Governing Law and Analysis

We review de novo whether the retroactive application of section 766.118, the “caps statute,” is constitutionally permissible as applied to the facts of this case. Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478, 485 (Fla.2008). As Justice Par-iente instructed in Lawnwood Medical Center, Inc. v. Seeger, 990 So.2d 503, 508 (Fla.2008), “[w]e do not take lightly a contention that a statute passed by the Legislature is unconstitutional and we start with the well-established principle that a legislative enactment is presumed to be constitutional.”
Determining whether a statute may be retroactively applied requires consideration of whether the statute expresses the intent for retrospective application and if so, whether the retroactive application is constitutional. Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass’n One, Inc., 986 So.2d 1279,1284 (Fla.2008); Metro. Dade County v. Chase Fed. Hous. Corp., 737 So.2d 494, 503 (Fla.1999). In light of this clearly articulated standard, our analysis considers four determinative issues culled from pertinent Florida Supreme Court case law: (1) Is the statute procedural or substantive? See Vill. of El Portal v. City of Miami Shores, 362 So.2d 275, 278 (Fla.1978) (finding that “procedural statutes do not fall within the constitutional prohibition against retroactive legislation and they may be held immediately applicable to pending cases”); (2) Was there an unambiguous legislative intent for retroactive application? State Farm Mut. Auto. Ins. v. Laforet, 658 So.2d 55, 61 (Fla.1995); (3) Was Appellees’ right vested or inchoate? Clausell v. Hobart Corp., 515 So.2d 1275 (Fla.1987) (holding that the retroactive application of a statute did not violate due process because the plaintiff had no vested right); and (4) Is the application of section 766.118 to these facts unconstitutionally retroactive?

1. Substantive vs. Procedural Statutes

The general rule is that procedural or remedial statutes may operate retrospectively but substantive statutes may not unless the Legislature has indicated a clear intent to the contrary. Laforet, 658 So.2d at 61. Substantive law prescribes duties and rights, whereas procedural law concerns the means and methods to enforce those duties and rights. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994) (holding that a statutory amendment that limited punitive damages was substantive and did not apply retrospectively); see also In re Rules of Criminal Procedure, 272 So.2d 65, 65 (Fla.1972) (stating that substantive law “creates, defines, adopts and regulates rights, while procedural law prescribes the method of enforcing those rights”).
In its analysis, the court in Mancusi stated that because punitive damages are assessed as a punishment against the wrongdoer as opposed to compensation to *410 the injured plaintiff, the plaintiffs right to a claim for punitive damages is subject to the Legislature’s plenary authority. The court found that the “establishment or elimination of such a claim is clearly a substantive, rather than procedural, decision of the legislature because such a decision does, in fact, grant or eliminate a right or entitlement.” 632 So.2d at 1358.
In DaimlerChrysler Corp. v. Hurst, 949 So.2d 279, 287 (Fla. 3d DCA 2007), this Court found the statute that set forth the procedures for filing or maintaining certain asbestos causes of action was procedural in nature because it “merely affects the means and methods the plaintiff must follow” and does not eliminate a plaintiffs right to sue for asbestos-related injuries. As a result, this Court found that no constitutional analysis was required and the statute could constitutionally be applied retroactively. Id.
In the instant case, the statutory cap on noneconomic damages affects an individual’s right to a certain amount of damages. It does not affect the means and methods a plaintiff must follow in a medical malpractice action but instead prescribes and regulates the rights parties have to a particular damage award. Thus, the provision is substantive in nature. Because the caps statute is substantive, our analysis turns on the question of legislative intent and constitutionality.

2. Legislative Intent for Retroactive Application

Without clear legislative intent to the contrary, substantive statutes will not operate retrospectively. Laforet, 658 So.2d at 61. The Legislature unambiguously provided that section 766.118 was to operate retrospectively and apply “to any medical incident for which a notice of intent to initiate litigation” was mailed on or after September 15, 2003, as long as the application would not be prohibited by the state or federal constitutions.
Where a statute expresses clear legislative intent for retroactive application, courts will apply the provision retroactively. Doe v. Am. Online, Inc., 783 So.2d 1010, 1018 (Fla.2001). In Doe, the Florida Supreme Court upheld the retroactive application of the federal Communications Decency Act because the Act “clearly reflects Congress’ intent to apply the CDA to all suits filed after its enactment, notwithstanding when the operative facts arose” and found that because Congress’ intent was clear, it must be implemented. Id.
A federal court addressing an issue nearly identical to the instant action also properly deferred to the Legislature’s intent in applying a medical malpractice cap retroactively to the plaintiffs medical malpractice action. Wilson v. United States, 375 F.Supp.2d 467 (E.D.Va.2005). The statutory cap on noneconomic damages in Wilson contained a “clear [and] unambiguous provision” that the cap apply to all causes of action filed on or after July 1, 2003. Id. at 471. The plaintiff suffered damages following a 2001 surgery allegedly due to a surgeon’s negligence and sued on April 29, 2004. Id. at 468-69. The court found that the statutory cap was not unconstitutionally retroactive as applied, stating: “where, as here, ‘a statute is clear and unambiguous and the legislative intent is plain, ... it is the duty of the courts not to construe but to apply the statute.’ ” Id. at 472 (internal citations omitted).
Because the Florida Legislature’s intent to apply section 766.118 l’etroactively is clear and ambiguous, we address the final step in the analysis. Before doing so, however, we specifically reject the reliance by Appellees, the amicus curiae, and the Fourth District in Raphael v. Shecter, 18 *411 So.3d 1152, 1156 (Fla. 4th DCA 2009), on cases rejecting retrospective application of a statute, where the statute in question contained no legislative language providing for the statute to apply retrospectively. Specifically, we reject reliance on: Mancusi, 632 So.2d at 1357 (where the statute at issue, section 768.73, Florida Statutes (1987), included no legislative intent for retroactive application); Hotelera Naco, Inc. v. Chinea, 708 So.2d 961, 962 (Fla. 3d DCA 1998) (holding that where no clear legislative intent exists, a substantive statute is presumed to operate prospectively); Patria Publ’ns, Inc. v. Armesto, 593 So.2d 574 (Fla. 3d DCA 1992) (where the statute in question stated that it would only apply prospectively); Royal v. Clemons, 394 So.2d 155, 158 (Fla. 4th DCA 1981) (holding that “[t]he Legislature did not incorporate within the statutory amendment a clear expression of intent for retroactive application.... As such, the amendment could never be the subject of retroactive application”). Clearly, these eases cannot be applied to the legal analysis in the instant action because without clear legislative intent for retroactive application of the statute, retroactive application would be prohibited and no constitutional analysis would be required.

3. Vested Rights

Even where the Legislature has stated its intent for retroactive application, the Florida Supreme Court has refused to apply the statute retroactively if it impairs vested rights, creates new obligations or imposes new penalties. Laforet, 658 So.2d at 61. On the issue of vested rights, our analysis is guided by the seminal case, Clausell, 515 So.2d at 1275, which we find controlling. In Clausell, the Florida Supreme Court addressed the question of whether the retroactive application of its decision in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), which overruled an earlier decision, violated Clausell’s right to due process, where Clausell’s cause of action accrued before the Pullum decision. The Court’s analysis focused on whether Clausell had a vested right prior to the Pullum decision in pursuing his common law tort theory to recover damages. A unanimous court unequivocally determined that he did not. In reaching this conclusion, the Florida Supreme Court recognized that the United States Supreme Court had resolved this issue several years earlier in Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 88, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978), wherein the United States Supreme Court noted that “[o]ur cases have clearly established that ‘[a] person has no property, no vested interest, in any rule of the common law.’ ” Clausell, 515 So.2d at 1275-76.
The Florida Supreme Court also relied on and specifically quoted from the following eases in determining whether Clausell possessed a vested right to pursue a common law tort action to recover damages. Ducharme v. Merrill-National Laboratories, 574 F.2d 1307, 1309 (5th Cir.1978), cert. denied, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978) (holding that: “[i]t is well settled that a plaintiff has no vested right in any tort claim for damages under state law” (emphasis added)); Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F.Supp. 1144, 1149 (S.D.Fla.1986), which rejected the very same argument advanced by Clausell and the Appel-lees in the instant case, stating:
While the instant Plaintiff correctly posits that a statute may not be retroactively applied to deprive a party of a vested right, such a situation simply does not exist here. “A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, *412 or a present fixed right of future enjoyment.” In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). “To be vested a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand.” Div. of Workers’ Comp. v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982) (emphasis added). The Plaintiff in the instant case had no vested contract or property right prior to the Pullum decision; instead Plaintiff was merely pursuing a common law tort theory to recover damages.
(emphasis added).
The Clausell Court also noted that the United States District Court for the Northern District of Florida reached the same conclusion in Eddings v. Volkswagenwerk, A.G., 635 F.Supp. 45, 47 (N.D.Fla.1986), which held that the “plaintiffs had at most a mere expectation that they had a cause of action they could pursue.”
The Florida Supreme Court’s finding that Clausell had, at most, a mere expectation that he had a cause of action and possessed no vested right to pursue his common law tort to recover damages is supported by federal decisions prior to and subsequent to its holding and has been relied on by the District Courts of Appeal in this state. For example, in Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 74 L.Ed. 221 (1929), the United States Supreme Court held that “the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object, despite the fact that ‘otherwise settled expectations’ may be upset thereby.”
In reviewing a Texas statute limiting noneconomic damages in a medical malpractice suit, a United States Circuit Court of Appeals in Lucas v. United States, 807 F.2d 414, 422 (5th Cir.1986), held that the plaintiffs common law right to recover damages for a hospital’s alleged negligence was not a property interest protected by the due process clause. Similar to the Appellees’ cause of action in the instant case, the alleged malpractice in Lucas occurred prior to the enactment of the statute limiting noneconomic damages to $500,000. Citing to Duke, as our Florida Supreme Court did in Clausell, the Fifth Circuit Court of Appeals held that statutes limiting liability are relatively commonplace and have consistently been enforced by the courts, and that a pei'son has no vested interest or right in any rule of the common law.
In Lamb, a case specifically relied on by the Florida Supreme Court in Clau-sell, the United States District Court, in interpreting and applying Florida law, specifically held that: “a plaintiff has no vested right in a tort claim”; “under Florida law a litigant has no vested right to the benefit of a statute of limitations in effect when his cause of action accrues”; and “[t]he mere prospect that Plaintiff might recover damages from a defendant on a tort theory is clearly not tantamount to a vested right.” 631 F.Supp. at 1149.
The retroactive application of an amendment to Virginia’s Medical Professional Liability Act, reducing the cap on noneco-nomic damages, was also found to be constitutional even though the alleged malpractice occurred in 2001, the amendment reducing the cap from $1 million to $250,000 for noneconomic damages was in 2003, and the complaint was filed in 2004. Wilson, 375 F.Supp.2d at 472. The court noted that the legislative intent was clear and unambiguous and found that the ret *413 roactive application of a legislative limitation on a common law measure of recovery, such as the one imposed under the Act, did not violate a fundamental constitutional right. Id.
And, it is well-recognized that Congress has an unquestioned right to make economic legislation retroactive, provided that this does not require the revision of a judgment that has become final. It is also clear that Congress and state legislatures may, consistent with the Constitution, enact retroactive legislation provided they can establish a rational basis for doing so.... Moreover, as of the effective date of the 2003 amendments— July 1, 2003 — plaintiff had not yet filed the instant action against the defendant, let alone obtained a final judgment that could potentially raise a constitutional retroactivity concern.
Id. at 472-73 (internal quotations and citations omitted).
Subsequent to the issuance of Clausell by the Florida Supreme Court, the Second District issued R.A.M. of South Florida, Inc. v. WCI Communities, Inc., 869 So.2d 1210 (Fla. 2d DCA 2004); the First District issued Lakeland Regional Medical Center, Inc. v. Florida Agency for Health Care Administration, 917 So.2d 1024 (Fla. 1st DCA 2006); the Third District issued Flowserve Corp. v. Bonilla, 952 So.2d 1239 (Fla. 3d DCA 2007), and DaimlerChrysler, 949 So.2d at 279; and the Fourth District issued Raphael, 18 So.3d at 1152, Williams v. American Optical Corp., 985 So.2d 23 (Fla. 4th DCA 2008), and Doe v. America Online, Inc., 718 So.2d 385 (Fla. 4th DCA 1998). In each instance (except in Williams, which is currently before the Florida Supreme Court on certification of conflict with DaimlerChrysler and Raphael, the courts have concluded that the retrospective application of a statute was not unconstitutional because the statute did not abrogate or impair a vested right.
Although R.AM. involved the enforceability of a contract, which is analyzed differently, Justice Canady, who was a member of the Second District Court at the time, and who authored the opinion, addressed the legal principles governing retrospective application of statutes, and provided an excellent analysis differentiating vested rights from expectant or contingent rights. Justice Canady noted and cited to a long list of cases, holding that:
A vested right has been defined as an immediate, fixed right of present or future enjoyment and also as an immediate right of present enjoyment, or a present, fixed right of future enjoyment .... [T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand.... Vested rights are distinguished not only from expectant rights but also from contingent rights.... They are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons, as a present interest. They are expectant when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent then- vesting.
R.A.M., 869 So.2d at 1218 (internal quotations and citations omitted).
Two years later, the First District in Lakeland, in reliance on Clausell and Lamb, determined that the retroactive application of the statute, while substantive, was constitutionally permissible because *414 the legislative intent was clear and the statute did not abrogate a vested right. Lakeland Regional Medical Center challenged Winter Haven Hospital’s license to perform open heart surgery in 2003 and filed a petition for a formal hearing. After Lakeland Regional filed its petition, the Legislature amended sections 408.036 and 408.0361, Florida Statutes, to create a new licensure scheme which effectively eliminated Lakeland Regional’s right to challenge Winter Haven’s application. Judge Polston (now Justice Polston), writing for the court, held that although Lakeland Regional had a right under the previous statute to challenge the application, and the amendment extinguished that right, because Lakeland Regional did not have a vested constitutionally protected right, the retroactive application of the statute did not violate due process. Id. at 1033.
In Flowserve and DaimlerChrysler, this Court concluded that the retroactive application of the Asbestos and Silica Compensation Fairness Act did not deprive the plaintiffs of a vested right, and specifically relied on Clausell and the cases cited to in Clausell in reaching that conclusion. Quoting from Clausell, this Court held that “[a] substantive vested right is an immediate right of present enjoyment, or a present fixed light of future enjoyment. To be vested[,] a right must be more than a mere expectation based on an anticipation of the continuance of an existing law.” DaimlerChrysler, 949 So.2d at 285-86 (citations omitted). “Prior to the enactment of the Act, the plaintiff had, at most, a ‘mere expectation’ that the common law would not be altered by legislation. Thus, the plaintiff did not have a vested right in her common law asbestos claim.” Id. at 287 (citations omitted). We additionally noted that an expectancy differs from a vested right, citing to Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 258 U.S. 338, 339, 42 S.Ct. 325, 66 L.Ed. 647 (1922) (holding that the “legislature [could not] take away from a private party a right to recover money that is due when the [legislative] act is passed”).
The Fourth District has ruled inconsistently on this issue. In Doe, 718 So.2d at 385, the events leading to the filing of the lawsuit occurred in 1994. On February 8, 1996, Congress enacted section 230 of the Communications Decency Act, 47 U.S.C. § 230 et seq., prohibiting civil actions that treat the provider of an interactive computer service as the “publisher” or “speaker” of messages transmitted over its service by third parties. The Fourth District concluded that although the conduct giving rise to Doe’s claims occurred prior to the Act’s enactment, Doe did not file her complaint until almost a year after the Act became effective, and Congress had clearly expressed its intent that the statute apply to any complaint filed after its effective date, regardless of when the relevant conduct allegedly occurred, the trial court did not unconstitutionally retroactively apply the Act to Doe’s complaint. Id. at 388. In reaching this conclusion the Fourth District held that “[n]o person has a vested right in a nonfinal tort judgment, much less an unfiled tort claim.” Id. at 388.
Despite the Fourth District’s holding in Doe in 1988, the court issued Williams in 2008 and Raphael in 2009, which conflict with but fail to recede from Doe. In Williams, the Fourth District found that a cause of action is a property right, 985 So.2d at 26, and determined that “[w]here a cause of action has accrued but [the] claimant has not yet filed an action for damages when new legislation substantively affecting the cause of action becomes effective, the new statute may not be applied to the cause of action when filed.” Id. at 28. In support of its position (which is contrary to the position it took in Doe ), *415 the Fourth District incorrectly states that the Florida Supreme Court found in Clau-sed that “[w]hen the cause of action accrues it becomes ‘[a] substantive vested right ... an immediate right of present enjoyment, or a present fixed right of future enjoyment.’ ” Id. at 27. The Florida Supreme Court said no such thing. In fact, the Florida Supreme Court said the opposite:
While the instant Plaintiff correctly posits that a statute may not be retroactively applied to deprive a party of a vested right, such a situation simply does not exist here. “A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment.” In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). “To be vested a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand.” Div. of Workers’ Comp. v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982). The Plaintiff in the instant case had no vested contract or property right prior to the Pullum decision; instead Plaintiff was merely pursuing a common law tort theory to recover damages.... [Plaintiffs had, at most, a mere expectation that they had a cause of action they could pursue, and a subsequent decision, holding the statute to be constitutional, could not and does not deprive them of any vested rights.”
Clausell, 515 So.2d at 1276. (emphasis added).
The Fourth District in Williams also improperly relied on Mancusi, which does not apply because the statute in question provided no legislative language providing that the statute be applied retrospectively, and where no legislative intent for retrospective application is provided, the statute may only be applied prospectively. It also incorrectly relies on Rupp v. Bryant, 417 So.2d 658 (Fla.1982), and Florida Department of Transportation v. Knowles, 402 So.2d 1155 (Fla.1981). Unlike Williams, the plaintiff in Knowles had obtained a jury verdict and a judgment in his favor prior to the amendment of the statute. He, therefore, clearly possessed a vested property right precluding retrospective application of the amendment. Similarly, in Rupp, the plaintiff had already filed his complaint when the statute was enacted. Additionally, both Knowles and Rupp involved amendments to the statutes waiving sovereign immunity, not the enactment of statutes modifying common law torts. “A person has no property, no vested interest, in any rule of the common law.” Duke, 438 U.S. at 88, 98 S.Ct. 2620. See also Silver, 280 U.S. at 122, 50 S.Ct. 57; Lucas, 807 F.2d at 422; Ducharme, 574 F.2d at 1309; Lamb, 631 F.Supp. at 1149; Claused, 515 So.2d at 1276; Martell, 457 So.2d at 1067; Brevda, 420 So.2d at 891.
In Raphael, the Fourth District ignores the Florida Supreme Court’s holdings in Clausell, equates the vesting of rights to when a cause of action accrues, and provides no analysis or authority for its conclusion that because the facts giving rise to Raphael’s medical malpractice action occurred prior to the enactment of the statute, the statute could not be applied to him because his rights had already vested. 18 So.3d at 1154-58.
After performing a careful review of the opinions issued by the Florida Supreme Court and other courts, it appears that when determining whether a litigant has a vested right precluding retrospective application of a statute containing language indicating the Legislature’s intent that it be applied retrospectively, the courts have drawn a distinction (1) between cases al *416 ready filed or a judgment rendered prior to enactment of the statute,[3] and those when no complaint had been filed or judgment rendered;[4] and (2) where the right or cause of action was statutorily created rather than based on common law.[5] These distinctions, grounded in the constitutional separation of powers doctrine, reflect appropriate deference to legislative enactments. See Askew v. Schuster, 331 So.2d 297, 300 (Fla.1976) (holding that in Florida, it is well settled that “[ajbsent a violation of due process or a specific constitutional guarantee, courts cannot substitute their judgment for that of the Legislature”); In re Apportionment Law, Senate Joint Resolution No. 1305, 263 So.2d 797, 806 (Fla.1972) (emphasizing that the Court would measure legislative acts only “with the yardstick of the Constitution” and that “[t]he propriety and wisdom of legislation are exclusively matters for legislative determination”). Intervening in the Legislature’s discretionary decisions “would require the judicial branch to second guess the political and police power decisions of the other branches of government,” thus violating the separation of powers doctrine. Trianon Park Condo. Ass’n v. City of Hialeah, 468 So.2d 912, 918 (Fla.1985).
Although the injury in the present case occurred in 2003, prior to the effective date of the amendment of section 766.118, because Appellees did not file their notice of intent to initiate litigation, file them complaint, or obtain a judgment prior to the enactment of the statute, they had at most a “mere expectation” or a prospect that they might recover damages of an indeterminate amount at an unspecified date in the future. The Appellees had no vested right to a particular damage award and thus suffer no due process violation with the application of the caps statute to their cause of action. We therefore reverse the trial court’s order denying Dr. Weingrad’s motion to apply the statutory cap to the Appellees’ noneconomic damages.
Reversed and remanded.
SCHWARTZ, Senior Judge, concurs.

. The terms ''retroactive” and "retrospective” are used synonymously. A Dictionary of Modem Legal Usage 768 (2d ed. 1995).

. Report of the Task Force is available at http://tinyurl.com/TaskForceReport.

. E.g., Rupp, 417 So.2d at 658 (denying retrospective application where the plaintiff had filed suit by the time the statute was amended); Knowles, 402 So.2d at 1155 (where the plaintiff had obtained a judgment prior to statutory amendment); City of Winter Haven v. Allen, 541 So.2d 128, 131 (Fla. 2d DCA 1989) (where the Legislature amended statute at issue after plaintiff filed and amended her wrongful death action but prior to trial).

. Retrospective application has been consistently upheld in state and federal courts. E.g., Lucas, 807 F.2d at 414; Wilson, 375 F.Supp.2d at 467; Johnson v. Virgin Islands Port Auth., 236 F.Supp.2d 503 (D.Vi.2002); Lamb, 631 F.Supp. at 1144; Doe, 783 So.2d at 1018; Clausell, 515 So.2d at 1276; Flowserve, 952 So.2d at 1239; DaimlerChrysler, 949 So.2d at 279; Lakeland, 917 So.2d at 1024; R.A.M., 869 So.2d at 1210; In re Will of Martell, 457 So.2d at 1064; Brevda, 420 So.2d at 887.

.Retrospective application found unconstitutional in Laforet, 658 So.2d at 55 (the right for a first-party action by an insured for bad faith was statutorily created; only third-party actions by an insured for bad faith existed at common law); Kaisner v. Kolb, 543 So.2d 732, 739 (Fla.1989) (waiver of sovereign immunity was statutory); L. Ross, Inc. v. R.W. Roberts Const. Co., 481 So.2d 484 (Fla.1986) (right to attorney’s fees was statutory); Young v. Altenhaus, 472 So.2d 1152 (Fla.1985) (attorney's fees); Knowles, 402 So.2d at 1155 (sovereign immunity); see also R.A.M., 869 So.2d 1210 (Fla. 2d DCA 2004) (Canady, J., used a different analysis because the case dealt with the enforceability of a contract); Galbrealh v. Shortle, 416 So.2d 37 (Fla. 4th DCA 1982) (sovereign immunity).