PERRY, J.
Kimberly Ann Miles seeks review of Miles v. Weingrad {Miles II), 108 So.3d 259 (Fla. 3d DCA 2012), on the basis that it expressly and directly conflicts with Raphael v. Shecter, 18 So.3d 1152 (Fla. 4th DCA 2009). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash the decision on review.
BACKGROUND
In 2002, Miles was diagnosed with melanoma. She received medical care, and a cancerous tumor was removed from her leg in an outpatient procedure on December 2, 2002. While she was told that the tumor had been completely removed and no melanoma remained, she sought a second medical opinion from Dr. Daniel Wein-grad, a surgical oncologist. Dr. Weingrad informed Miles that further surgery was warranted to ensure that the entire melanoma had been excised, and on January 31, 2003, Dr. Weingrad performed the surgical procedure. Postoperative test results showed that there had been no residual melanoma following Miles’ December 2, 2002, surgical procedure. Furthermore, there were complications following the January 2003 surgery. First, Miles had to be hospitalized for four days to treat an infection, which did not completely resolve until April 2003. Additionally, Miles suffered from permanent swelling and excruciating pain and now has limited mobility — she can neither walk long distances nor stand for long periods of time.
In 2006, Miles, joined by her husband Jody Haynes, filed a lawsuit in which she alleged that due to Dr. Weingrad’s surgical malpractice, Miles has suffered permanent injuries. Following the presentation of evidence, the jury returned a verdict for Miles and awarded her economic damages amounting to $16,104 and noneconomic damages for pain and suffering amounting to $1.45 million, and awarded her husband noneconomic damages for loss of consortium amounting to $50,000.
Dr. Weingrad moved to reduce the award of noneconomic damages to $500,000 pursuant to section 766.118(2), Florida Statutes (2003).[1] The trial court denied Dr. Weingrad’s motion, ruling that “retroactive application of section 766.118(2)(a) is constitutionally impermissible.” Dr. Weingrad appealed.
*1210 In 2010, the Third District entered an opinion reversing the trial court’s judgment and the jury award of noneconomic damages. Weingrad v. Miles (Miles I), 29 So.3d 406 (Fla. 3d DCA 2010). In Miles I, the Third District held that it was constitutionally permissible to retroactively apply section 766.118 in Miles’ case because she “had no vested right to a particular damage award and thus suffer[ed] no due process violation.” Id. at 416. In doing so, the Third District rejected Miles’ reliance on the Fourth District Court of Appeal’s decision in Raphael, which had reached a contrary result. See id. at 410-11.
On remand, the trial court entered a judgment for Miles based on the $500,000 statutory cap on noneconomic damages. Miles appealed the trial court’s judgment, seeking relief based on the assertion that Miles I conflicted with American Optical Corp. v. Spiewak, 73 So.3d 120 (Fla.2011). Affirming the trial court’s judgment, the Third District rejected Miles’ claim that its earlier decision conflicted with this Court’s Spiewak decision. Miles II, 103 So.3d at 259-60 (“Finding no conflict between our prior opinion in [Miles I], and the Supreme Court’s opinion in [Spiewak], we affirm.”).
Miles filed a notice to invoke the discretionary review of this Court in which she asserted that Miles II expressly and directly conflicts with both. Spiewak and Raphael.
DISCUSSION
Standard of Review
The issue here concerns the retro-activity of a statutory amendment that limits noneconomic damages in a medical malpractice cause of action. Because the question here is a pure question of law, we review de novo. See Basulto v. Hialeah Auto., 141 So.3d 1145, 1152 (Fla.2014) (citing Aravena v. Miami-Dade Cnty., 928 So.2d 1163,1166 (Fla.2006)).
Jurisdiction
Dr. Weingrad argues that there is nothing in the Third District’s one-sentence affirmance that provides this Court with jurisdiction under article V, section 3(b)(3), Florida Constitution. We disagree.
Under article V, section 3(b)(3), of the Florida Constitution, this Court has jurisdiction to review a decision of a district court of appeal that “expressly and directly conflicts with a decision of another district court of appeal or of [this Court] on the same question of law.” Art. V, § 3(b)(3), Fla. Const. The decision on review is not merely an unelaborated affir-mance, but specifically relies on, and cites to, the decision in Miles I. Miles II, 103 So.3d at 260 (“Finding no conflict between our prior opinion in [Miles I], and the Supreme Court’s opinion in [Spiewak ], we affirm.”).
In Miles I, the Third District held that:
Although the injury in the present case occurred in 2003, prior to the effective date of the amendment of section 766.118, because Appellees did not file their notice of intent to initiate litigation, file their complaint, or obtain a judgment prior to the enactment of the statute, they had at most a “mere expectation” or a prospect that they might recover damages of an indeterminate amount at an unspecified date in the future. The Appellees had no vested right to a particular damage award and thus suffer no due process violation with the application of the caps statute to their cause of action.
Miles I, 29 So.3d at 416. Thus, Miles I and Miles II require that, in order to establish that a right vested before the *1211 statute became effective, a claimant bringing a personal injury action must have previously noticed his or her intent to bring such an action.
Contrarily, in Raphael, the Fourth District held that a “cause of action in a medical malpractice case accrues at the time the malpractice incident occurs.” Raphael, 18 So.3d at 1157. Because a plaintiff has a vested right to this cause of action, and retroactive application of the noneconomic damages cap would impair this vested right, the Fourth District held that retroactive application was impermissible. Id. at 1158. This conflict was recognized by the Third District. See Miles 1, 29 So.3d at 415.
Because the Third and Fourth Districts have reached different conclusions on the same question of law, this Court has jurisdiction to resolve this important legal conflict regarding the, requirements for bringing personal injury actions stemming from medical malpractice under Florida’s negligence law.
Merits
To resolve the issue before us, we necessarily address the conflict that exists between the Third and Fourth District Courts of Appeal on this issue. In Raphael, the Fourth District concluded that the Legislature enacted section 766.118 with a clear intent to allow “the retroactive application of a new statute for ‘bad faith actions against insurers.’ ” Raphael, 18 So.3d at 1156.[2] Relying on State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995), the district court posited that whether section 766.118(4) is “substantive or procedural in nature is [the] issue that [was] determinative of [the] case.” Raphael, 18 So.3d at 1156. Citing to Clausell v. Hobart Corp., 515 So.2d 1275 (Fla.1987), the Raphael court stated that when a cause of action has not accrued “no one has a vested right in the common law, which the Legislature may substantively change prospectively.” Raphael, 18 So.3d at 1157. However, the Raphael court noted that the cause before it was reminiscent of the circumstances in Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994), in which this Court held that it is presumed that substantive statutes will not retrospectively apply to “impair or destroy existing rights.” Raphael, 18 So.3d at 1156.
Thus, the Raphael court concluded that section 766.118(4) may not be “retroactively enforced to impair the appellant’s vested rights.” Id. at 1157. The court further concluded that “[t]he cause of action in a medical malpractice case accrues at the time the malpractice incident occurs.” Id. at 1157-58 (citing § 95.111(4)(b), Fla. Stat. (2002); Patient’s Comp. Fund v. Scherer, 558 So.2d 411, 414 (Fla.1990)). Accordingly, the Fourth District reversed the trial court’s judgment and remanded the case for further proceedings consistent with its •holding that the retroactive application of section 766.118(4) was an impairment of the appellant’s substantive rights which accrued and vested on a date prior to the effective date of the statute. Id. at 1158.
After the Fourth District issued its decision in Raphael, the Third District reached the opposite conclusion. In Miles I, the Third District determined that because the statutory provision was substantive in nature, its analysis would turn on the questions of legislative intent and constitutionality. Miles I, 29 So.3d at 410. Indeed, the Third District determined that the Legislature’s intent to apply section 766.118 retroactively was clear and unambiguous. Id. Furthermore, the Third District specifically rejected Miles’ reliance on *1212 Raphael, which rejected retroactive application of a statute that lacked legislative language that provided for retroactive application. Id. at 410-11. The Third District acknowledged that precedent from this Court “has refused to apply the statute retroactively if it impairs vested rights, creates new obligations or imposes new penalties.” Id. at 411 (citing Laforet, 658 So.2d at 61).
The Third District concluded, however, that our decision in Clausell is controlling on the subject of whether retroactive application of a statute is constitutional. Id. Consequently, the Third District criticized the Raphael court for ignoring our holding in Clausell. Id. at 415. Accordingly, the Third District held:
Although the injury in the present case occurred in 2003, prior to the effective date of the amendment of section 766.118, because Appellees did not file their notice of intent to initiate litigation, file their complaint, or obtain a judgment prior to the enactment of the statute, they had at most a “mere expectation” or a prospect that they might recover damages of an indeterminate amount at an unspecified date in the future. The Appellees had no vested right to a particular damage award and thus suffer no due process violation with the application of the caps statute to their cause of action. We therefore reverse the trial court’s order denying Dr. Weingrad’s motion to apply the statutory cap to the Appellees’ noneconomic damages.
Id. at 416.
Both the Third District and the Fourth District cited our decisions in Old Port Cove Holdings, Inc. v. Old Port Cove Condominium Association One, Inc., 986 So.2d 1279 (Fla.2008), and Metropolitan Dade County v. Chase Federal Housing Corporation, 737 So.2d 494 (Fla.1999), as establishing the analysis necessary when courts must determine if a given statute may be retroactively applied. See Miles I, 29 So.3d at 409 (“Determining whether a statute may be retroactively applied requires consideration of whether the statute expresses the intent for retrospective application and if so, whether the retroactive application is constitutional.”); Raphael, 18 So.3d at 1155 (same proposition). However, the Third District determined that our holding in Clausell is controlling on the subject of a litigant’s vested rights. Miles I, 29 So.3d at 411.
We find that the Third District misunderstood our holding in Clausell by stating that “the retroactive application of a statute did not violate due process because the plaintiff had no vested right.” Id. at 409. Instead, we determined that Clausell “had no vested right in his cause of action,” because the statute that predated his cause of action was temporarily invalidated by our decision in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980); however, the statute was subsequently reinstated when we receded from Battilla in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985). Clausell, 515 So.2d at 1276. Therefore, in Clausell, we were not addressing the retroactive application of a substantive statute that affected the litigant’s vested right in a cause of action. See Miles I, 29 So.3d at 417 (Cope, J., dissenting) (“The majority opinion relies on [Clausell ], but that case is inapplicable. Clausell involved the retroactive application of a judicial decision, not the retroactive application of a statute.”).
Thus, we necessarily agree with the conclusion drawn in Raphael that was premised on our precedent in Scherer, stating that “[t]he cause of action in a medical malpractice case accrues at the time the malpractice incident occurs.” Raphael, 18 *1213 So.3d at 1157-58; cf. Spiewak, 73 So.3d at 128. Therefore, we approve Raphael and disapprove the rationale in Miles I and quash the decision in Miles II.
The facts in the present case show that Miles underwent the unnecessary surgical procedure in January 2003, which has been undisputedly adjudged as malpractice by Dr. Weingrad. Notably, section 766.118 became effective on September 15, 2003. Therefore, Miles’ cause of action accrued more than seven months before the “legislation capping noneconomic damages in medical malpractice actions went into effect.” Miles I, 29 So.3d at 408. Our precedent establishes that, generally, a litigant’s substantive and vested rights may not be infringed upon by the retroactive application of a substantive statute. Laforet, 658 So.2d at 61 (“The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively. ... Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties.” (citations omitted)). Accordingly, we quash the decision entered below.
CONCLUSION
For the foregoing reasons, we quash the Third District’s decision in Miles II, disapprove Miles I, approve Raphael, and remand with instructions that the original final judgment be reinstated.
It is so ordered.
LABARGA, C.J., and PARIENTE and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion, in which LABARGA, C.J., concurs.
LEWIS, J., concurs in result.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

. Section 766.118(2), Florida Statutes was signed into law on August 14, 2003, with an effective date of September 15, 2003.

. The medical malpractice at issue in Raphael occurred on April 10, 2003.