# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1176
Lower Tribunal No. 15F-6191
_____

**Colesha Cormier,**
Appellant,

vs.

**Florida Department of Children and Families, et al.,**
Appellees.

An Appeal from the Florida Department of Children and Families.

University of Miami School of Law Children & Youth Law Clinic, and Kele Stewart, and Frank Florio, Certified Legal Intern, for appellant.

Pamela Jo Bondi, Attorney General, and Jacqueline I. Kurland (Fort Lauderdale), Assistant Attorney General, for appellee Florida Department of Children and Families; Paula Herron, for appellee Our Kids of Miami-Dade/Monroe, Inc.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

Colesha Cormier ("Cormier") appeals from the Department of Children and Families' ("DCF") final agency decision sustaining the denial of her application for Education and Training Voucher ("ETV") benefits and argues that Florida's eligibility criteria for receiving ETV benefits conflicts with the John H. Chafee Foster Care Independence Program ("the Chafee Act"), 42 U.S.C § 677, which provides funding for state ETV programs. Because we find that Cormier's ETV application was properly denied under Florida law and that Florida's ETV eligibility requirements do not conflict with the Chafee Act, we affirm.

## BACKGROUND

Cormier was born on November 11, 1995. She lived in the Bahamas with her mother until she was fourteen years old and then moved to Florida to live with her father. On October 2, 2013, DCF removed Cormier from her father's care due to alleged physical abuse and domestic violence, and thereafter, she entered the dependency court system. Cormier was sheltered briefly and then placed into the temporary custody of a non-relative caregiver, where she remained for approximately six weeks before turning eighteen. As the hearing on the petition for dependency was scheduled for a date after Cormier turned eighteen, the hearing was never conducted and the dependency case was closed. After turning eighteen, Cormier moved back to the Bahamas and lived with extended family for

2

approximately one year, she then returned to the United States to continue her higher education.

In June 2015, at age nineteen and a half, Cormier applied for ETV benefits through DCF's contracted community based care agency, Our Kids of Miami-Dade/Monroe, Inc. ("Our Kids"). Our Kids denied Cormier's application because she did not meet Florida's ETV eligibility requirements, and thereafter, she petitioned for a Fair Hearing before DCF to appeal the denial of her application for ETV benefits. On April 20, 2016, DCF's hearing officer entered a final order denying Cormier's petition for relief, concluding that Cormier did not meet Florida's eligibility requirements for ETV benefits because she was never adjudicated dependent and did not live in foster care for six months prior to reaching her eighteenth birthday. See Fla. Admin. Code R. 65C-31.002(9)(a).[1] Cormier timely appealed.

## ANALYSIS

Cormier does not contest that she does not meet the eligibility requirements for Florida's ETV program. Rather, Cormier contends that Florida's eligibility requirements conflict with the federal ETV eligibility requirements allegedly found

---

[1] The subsequent repeal of rule 65C-31.002(9)(a) in January 2017 is of no consequence in this case, as both parties rightly acknowledge that its repeal does not have retroactive effect. See, e.g., Weingrad v. Miles, 29 So. 3d 406, 409 (Fla. 3d DCA 2010) (noting that without clear legislative intent to the contrary, substantive statutory changes will not apply retroactively).

3

in the Chafee Act. The textual basis for her argument is located in the following general policy statement in the Chafee Act: "The purpose of this section is to provide States with flexible funding that will enable programs to be designed and conducted . . . to make available vouchers for education and training, including postsecondary training and education, to youths who have aged out of foster care . . . ." 42 U.S.C § 677(a)(1). Because Cormier has aged out of foster care, according to the federal definition of "foster care,"[2] she claims that she is eligible for ETV benefits under federal law and that the more narrowly drawn Florida eligibility requirements are invalid under the Supremacy Clause of the United States Constitution. Townsend v. Swank, 404 U.S. 282, 286 (1971) (holding that "a state eligibility standard that excludes persons eligible for assistance, under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause").

The flaw in Cormier's argument is that she treats purposive language in the Chafee Act as imposing mandatory eligibility requirements on the states. In Quern v. Mandley, 436 U.S. 725, 733 (1978), the United States Supreme Court considered, *inter alia*, whether a state that adopts a program for Emergency Assistance to Needy Families with Children ("EA") may limit eligibility to receive

---

[2] "Foster care means 24-hour substitute care for children placed away from their parents or guardians and for whom the title IV-E agency has placement and care responsibility." 45 CFR § 1355.20.

funds under the program more narrowly than the federal EA statute. The Court noted the general principles that each state is free to set its own monetary standard of need and level of benefits, but that the states are not free to narrow the federal standards that define the categories of people eligible for aid. Id. at 740. However, the Court then analyzed the text of the federal statute authorizing EA funding to states, and specifically looked for language that made eligibility criteria in the federal act mandatory on participating states. Id. at 743. The Court concluded, with regard to the federal EA statute, that "[t]here is no statutory language . . . that can reasonably be understood as imposing uniform standards of eligibility on every state EA program." Id. In the absence of such mandatory language, the Court held that states are permitted to implement the federal EA funds through their own programs with eligibility requirements that are narrower than the general federal definitions setting forth the permissible scope of the federal EA program.

Here, the Chafee Act does not impose mandatory ETV eligibility requirements on states, but instead permits states to develop their own eligibility criteria. The purpose of the Chafee Act "is to provide States with flexible funding that will enable programs to be designed and conducted" so as to help foster children who have aged out of the foster care system to make the transition to self-sufficiency. 42 U.S.C § 677(a). However, the Chafee Act explicitly provides that a state's plan will only be approved if it uses "objective criteria for determining

eligibility for benefits and services under the programs, and for ensuring fair and equitable treatment of benefit recipients." 42 U.S.C. § 677(b)(2)(E). Thus, Congress expressly intended for states, not the federal government, to design and develop eligibility criteria. As an added safeguard, Congress requires that in order to receive funding under the Chafee Act, a state must submit a plan to and receive approval from the Department of Health and Human Services, the federal agency tasked with ensuring that a state's plan meets the requirements and furthers the objectives of the Chafee Act. See 42 U.S.C § 677(b)(1). Therefore, Florida is free to craft its own eligibility criteria, with the approval of the Department of Health and Human Services, that are reasonably calculated to help foster children transition to self-sufficiency after aging out of foster care. 42 U.S.C § 677(d) (declaring that after a state receives federal funding under the Chafee Act, the state "may use the amount **in any manner that is reasonably calculated to accomplish the purposes of [the Chafee Act]**") (emphasis added).

Florida's ETV eligibility criteria stem from the plan it submitted to the Department of Health and Human Services for funding under the Chafee Act. Florida's plan, called the Child and Family Services Plan 2015-2019 ("CFSP"), was approved by the Department of Health and Human Services. Among other things, Florida' CFSP requires an applicant for ETV benefits to have "aged out of licensed care after having accrued a minimum of six month(s) within an out-of-

6

home care setting between the ages of 0 and 17." Florida's Child and Family Services Plan 2015-2019, Ch. XV, p. 19; see also Rule 65C-31.002(9)(a). We, like the federal government, find no conflict between this ETV eligibility requirement and the Chafee Act.

## CONCLUSION

In summary, Cormier has not demonstrated that the text of the Chafee Act includes mandatory ETV eligibility requirements that Florida must implement in its ETV program. Therefore, we find that the Chafee Act and Florida's ETV program do not conflict. We also find that the hearing officer correctly applied Florida' ETV eligibility requirements, and thus, we affirm. We find that Cormier's remaining arguments on appeal are without merit, and thus, we decline to discuss them further.

Affirmed.